UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRAVIS SCOTT CUNNINGHAM,

    Plaintiff,

v.                                                      Case No. 6:24-cv-1814-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS, AMIE M.
ASSENT, JASON BLIZZARD,
GLENDON GEORGE GORDON,
and VOLUSIA COUNTY
PROBATION DEPARTMENT,

    Defendants.
_____/

**ORDER**

Plaintiff Travis Scott Cunningham's filed a Civil Rights Complaint (Complaint, Dkt. 1 at 1-13) and Petition for Writ of Habeas Corpus (Petition, Dkt. 1 at 14-36). Plaintiff filed the Complaint and Petition together, and the Clerk of Court opened this case as a civil rights action and docketed both pleadings in the same docket entry in this case. Plaintiff, an inmate proceeding pro se, seeks to proceed in forma pauperis. (Dkt. 2.)

Plaintiff may not proceed on a civil rights complaint and a habeas petition in the same case. Consequently, because Plaintiff's Complaint and Petition respectively comprise the first and second part of Docket Entry 1, the court will address Plaintiff's Complaint in this action and direct the Clerk to file the Petition in a new case.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action without paying the full filing fee as follows:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of these three reasons, he or she may not proceed in forma pauperis and must pay the full filing fee when the lawsuit is initiated.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  Courts must dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g).  *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The court takes judicial notice of the following federal cases filed by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Cunningham v. Ruice*, Case No. 6:22-cv-654-CEM-G_K, Dkt. 3 (dismissing for failure to state a claim upon which relief may be granted); (2) *Cunningham v. Volusia County Corr. Center,* Case No. 6:24-cv-131-WWB-LHP, Dkt. 3 (dismissing as frivolous); and (3) *Cunningham v. Volusia Cnt'y Corr.*, Case. No. 24-cv-444-PGB-LHP, Dkt. 3 (dismissing for failure to state a claim and as frivolous).  Based on these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed in forma pauperis and was required to pay the filing fee when he initiated this action.  Therefore, this case will be dismissed without prejudice.  Plaintiff may initiate a new

civil rights action by filing a new complaint accompanied with the full filing fee.

Accordingly:

1. This case is **DISMISSED** without prejudice.

2. The Clerk is **DIRECTED** to close this case and terminate any pending motions.

3. The Clerk is **FURTHER DIRECTED** to open a new case and docket Plaintiff's habeas petition (Dkt. 1 at 14–36) and motion to proceed in forma pauperis (Dkt. 2) in the new case.

**ORDERED** in Orlando, Florida on October 24, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party